IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CONNIE GEAN CIRINCIONE, ) | Case No. 04-21840-7-drd |
| ) | |
| Debtor. ) | Adv. No. 04-2049-drd |
| _____ ) | |
| SYLVESTER FELIX CIRINCIONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CONNIE GEAN CIRINCIONE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Plaintiff Sylvester Felix Cirincione ("Plaintiff") filed a Complaint Objecting to Dischargeability of Debt. Plaintiff asserted that certain debts of debtor Connie Gean Cirincione ("Debtor") were non-dischargeable pursuant to § 523(a)(5).[1] This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that Plaintiff has not met his burden of proof that the debt is non-dischargeable under § 523(a)(5).[2]

---

[1] Plaintiff's complaint asserted non-dischargeability pursuant to § 727 but at the pre-trial conference Plaintiff determined that he was seeking to have the debt declared non-dischargeable under § 523(a)(5). As discussed later in the opinion, § 523(a)(15) issues were raised at trial but are not properly before this Court.

[2] As discussed below, the Court also finds that § 523(a)(15) was not at issue and even if it was before the Court, the debt is not non-dischargeable under that section either.

I. FACTUAL BACKGROUND

A Judgment and Decree of Dissolution of Marriage ("Dissolution Decree") was entered by the Circuit Court of Boone County, Missouri on January 17, 2003, regarding the marriage of Plaintiff and Debtor.[3] The Dissolution Decree provided, among other things, that the marital residence was awarded to Debtor and that she was to pay all debts, taxes, and related expenses associated with that property, and hold Plaintiff harmless thereon.[4] The Dissolution Decree also provided that "[Debtor] shall pay the IRS debt in the amount of $7,368.00, and the Missouri Department of Revenue debt in the approximate sum of $2,000.00. . . ."[5]

Plaintiff testified that the tax debts arose from a $56,000 settlement that Debtor received from a discrimination case against her employer. Debtor did not believe the settlement proceeds were taxable income but the taxing authorities decided otherwise. Debtor testified that she negotiated a settlement with the IRS to pay $800.00 for her portion of the debt and paid that amount by selling some jewelry. She also testified that the IRS would not deal with her regarding Plaintiff's portion of the debt. Plaintiff testified that the IRS is not currently trying to collect the debt from him and has classified it as "uncollectible," but the IRS can attempt to collect the debt from him at any time.

Subsequently, Debtor filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code and Plaintiff filed this adversary proceeding asserting that the obligation of Debtor to pay

---

[3] Plaintiff's Ex. 1; Debtor's Ex. C.

[4] Plaintiff's Ex. 1, ¶ 3.

[5] Plaintiff's Ex. 1, ¶ 5.

the joint debts to the IRS and the Missouri Department of Revenue were non-dischargeable.

## II.  DISCUSSION

### A.  11 U.S.C. § 523(a)(15)

Section 523(a)(15) provides:

A discharge under section 727. . . does not discharge an individual debtor from any debt

> not of a kind described in paragraph (5) [alimony, maintenance or support] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. . . unless-
>
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and , if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business, or (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

Section 523(a)(15) is essentially an exception to an exception to discharge.  The section creates a rebuttable presumption that debts incurred in the course of a divorce are nondischargeable, subject to two exceptions: the debtor's inability to pay the debt or that the benefit to the debtor of discharging the debt outweighs any detriment to the ex-spouse. *O'Shaughnessy v. O'Shaughnessy (In re O'Shaughnessy)*, 301 B.R. 24, 29 (Bankr. N.D. Iowa 2003). *Lumley v. Lumley (In re Lumley)*, 258 B.R. 433, 436 (Bankr. W.D. Mo. 2001).

Initially, the creditor must establish that a debt is one that falls within the scope of paragraph (15)--i.e., the creditor must establish that the debt was incurred in the course of a divorce or separation. The burden of proof then shifts to the debtor to establish that the debt is dischargeable because the conditions set forth in either subparagraph (A) or subparagraph (B)

3

exist. *See Fellner v. Fellner (In re Fellner)*, 256 B.R. 898, 902 (B.A.P. 8th Cir. 2001); *Moeder v. Moeder (In re Moeder)*, 220 B.R. 52, 56 (B.A.P. 8th Cir. 1998); *Kirchner v. Kirchner (In re Kirchner)*, 206 B.R. 965, 970 (Bankr. W.D. Mo. 1997); *Florio v. Florio (In re Florio)*, 187 B.R. 654, 657 (Bankr. W.D. Mo. 1995); *Lumley*, 258 B.R. at 436.

In this case, the issue of nondischargeability under § 523(a)(15) was not raised in the complaint. The complaint, as a matter of fact, did not refer to § 523 at all, but only to § 727. The prayer of the complaint did, however, seek a determination of the nondischargeability of certain obligations created by the Dissolution Decree rather than a declaration that Debtor should be denied a discharge. For that reason, the Court sought clarification at the pretrial conference of the nature of Plaintiff's claims. After some discussion, Plaintiff's counsel advised that his client sought a determination that Debtor's obligation to pay the joint indebtedness to the IRS and the Missouri Department of Revenue was nondischargeable as support under § 523(a)(5). No mention was made of a claim under § 523(a)(15).

At trial, and prior to opening statement or the presentation of evidence, the Court reminded the parties of the discussion at the pretrial conference and Plaintiff's counsel confirmed the case being tried was one of nondischargeability under § 523(a)(5). Plaintiff's evidence, as reflected by the exhibits introduced and the testimony on direct examination of Plaintiff, focused exclusively on the parties' financial circumstances at the time of the dissolution, which is consistent with assertion of a claim of nondischargeability under § 523(a)(5). In fact, at one point during the examination, Plaintiff's counsel paused and sought clarification from the Court regarding the law on the evidence relevant to such a claim. The Court confirmed that its understanding of the law was that the parties' financial circumstances at

the time of the dissolution were relevant to a claim under § 523(a)(5), but that the parties' financial circumstances at the time of trial were not.

Evidence regarding the parties' financial circumstances subsequent to the dissolution came into the case only as a result of the response of Debtor's counsel to an objection by Plaintiff and a subsequent colloquy with the Court. Specifically, Debtor's counsel asked Plaintiff on cross-examination whether the $8,000 he was to receive for his share of the equity in the residence was paid. Plaintiff's counsel objected on the grounds that evidence of matters subsequent to the dissolution was not relevant. Plaintiff's counsel responded by saying that it might be relevant to any claim which might be asserted under § 523(a)(15). The Court observed that that issue was not in the case, but also suggested (erroneously) that it was Debtor's burden to assert the claim. *See Fellner*, 256 B.R. at 902 (creditor's burden to establish § 523(a)(15) at issue). In response, Debtor's counsel sought leave to amend his answer to assert that Plaintiff's claim was dischargeable under the tests set forth in § 523(a)(15). While the burden shifts to the debtor in such cases after the creditor has plead a claim under that statute and introduces evidence that the claim arises out of a divorce decree or separation agreement and is not of a kind described in § 523(a)(5), it is the creditor who must file such a complaint within the time limitation set forth in § 523(c). *Id.* That was not done here. Furthermore, had Plaintiff moved to amend the complaint to assert a claim under § 523(a)(15), it is doubtful whether the Court would have granted the motion. The deadline for filing adversary complaints under § 523 had already passed, *see* Fed. R. Bank. P. 4007(c), and it is questionable whether a new § 523(a)(15) claim would have related back to the original § 523(a)(5) claim and thus have complied with the filing deadline. *See* Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(c) (stating amendment of pleading

5

relates back to date of original pleading when claim asserted in amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"); *see, e.g., In re Anderson*, 292 B.R. 496, 501-03 (Bankr. W.D.N.Y. 2003); *In re Puckett*, 206 B.R. 556, 560 (Bankr. W.D. Okla. 1997) (finding because complaint referred only to (a)(5) and failed to allege sufficient facts which would allow (a)(15) cause of action, amendment did not relate back to original complaint).

All the subsequent evidence adduced about the parties' current financial circumstances and their arguments about the implications of such evidence for a claim under § 523(a)(15) came into the case solely as a result of Debtor's counsel's motion for leave to amend. That motion was a result of this Court's erroneous suggestion that it was Debtor's obligation to raise this question or have the claim be deemed nondischargeable. For these reasons, the claim of nondischargeability under § 523(a)(15) is not properly before the Court.

Even were the Court to conclude that it should consider a claim that Debtor's obligation under the decree to pay the IRS and the Missouri Department of Revenue debts is nondischargeable under § 523(a)(15), it would hold that there is no debt owed to Plaintiff incurred as a result of the decree which can be declared nondischargeable.

Both at trial and in her post-trial brief, Debtor raised the threshold question of whether there is a debt to Plaintiff created by the Dissolution Decree. Debtor points out that the indebtedness to the IRS is a joint debt of the parties which existed prior to the dissolution proceeding. Debtor further claims that in order for an indebtedness to be nondischargeable under § 523(a)(15), the debt must have been created by the dissolution decree in favor of the creditor ex-spouse. In this case, she contends there is no such debt, because although she was

6

ordered to pay the IRS and Missouri Department of Revenue debts, there is no language in the decree requiring her to hold Plaintiff harmless and indemnify him from these obligations. Debtor contends such language is necessary for the creation of a claim.

The law in this district is that where a debtor is ordered to pay a joint debt, but neither the property settlement agreement nor the dissolution decree contains a provision requiring the debtor to hold the creditor ex-spouse harmless or indemnify him or her, then no debt is incurred in the course of such divorce or separation within the meaning of § 523(a)(15). *Burton v. Burton (In re Burton)*, 242 B.R. 674 (Bankr. W.D. Mo. 1999); *Stegall v. Stegall (In re Stegall)*, 188 B.R. 597 (Bankr. W.D. Mo. 1995). After some consideration of these opinions, issued by the other two current judges in this district, the Court has determined to follow them.

The view expressed in *Burton* and *Stegall* appears to be a minority view and has been questioned by other courts. Those courts have suggested that this position inappropriately creates federal common law on the existence of debt, a subject which should be governed by the applicable state law. *See, e.g., Savoy v. Balm (In re Balm)*, 2004 WL 1637033 at *2 (Bankr. N.D. Iowa 2004) (citing cases that hold a dissolution order itself gives rise to a new and distinct obligation). Those courts have also held that the existence of a right to enforce the obligation to pay an assigned debt makes it a debt for purposes of § 523. *See id.; see also, In re Gibson*, 219 B.R. 195, 202-03 (B.A.P. 6th Cir. 1998). While it is true that the question of whether an obligation exists is generally governed in the first instance by state law, it is also true that § 523 requires as a threshold matter that there be a "debt," a term which is defined in the Bankruptcy Code. "Debt" means "liability on a claim." 11 U.S.C. § 101(12). The term "claim" is itself defined very broadly but requires that there be a "right to payment." 11 U.S.C. § 101(5)(A)

&(B). It encompasses a right to an equitable remedy, but only if such a remedy gives rise to a right to payment. The Court assumes that the obligation to pay the tax debts is enforceable by a motion for an order of contempt. However, Plaintiff cites no Missouri law demonstrating he has a right to payment, rather than merely a right to enforce this provision of the Dissolution Decree through an action in contempt. This Court does not believe that the mere fact that an obligation created by a divorce decree may be enforceable by contempt makes it a right to payment and thus a claim and a debt. *See, e.g., In re Pribonic*, 70 B.R. 596, 601-02 (Bankr. W.D. Pa. 1987) (finding where creditor holds right to an equitable remedy for breach of performance, that person will have "claim" for bankruptcy purposes *only if* the specific performance decree may be satisfied by an alternative award of monetary damages).

In this case, the omission of an indemnification or hold harmless requirement may have been intentional. Paragraph 5 of the Dissolution Decree, which includes the obligation at issue, contains no language obligating Debtor to indemnify Plaintiff or hold him harmless with respect to the tax debts[6]. On the other hand, paragraph 3 of the decree which awards the residence to Debtor and orders her to pay debts, taxes and other expenses associated with that property does contain a provision requiring her to hold Plaintiff harmless with regard to those debts and expenses.[7]

If the Dissolution Decree had contained a provision requiring Debtor to indemnify and hold Plaintiff harmless on the tax debts, and the Court were to determine the resulting debt to be nondischargeable, Plaintiff could not recover from Debtor the entire amount of the tax liabilities,

---

[6]Debtor's Ex. C.

[7]Debtor's Ex. C.

but only so much of the debt as Plaintiff had been required to pay. On the other hand, were the Court to hold an obligation to be a debt based on the mere order to pay, and find it nondischargeable, a creditor could conceivably obtain an order from the state court holding the debtor in contempt for failing to pay the joint debt in its entirety even if the creditor ex-spouse had never been called on to pay any portion of it, a result which seems clearly inconsistent with the purpose of these nondischargeability provisions.

While as joint debtors each party has a potential contribution claim against the other which might qualify as a claim (although contingent) and therefore a debt, such debt would spring from the codebtor relationship which preceded the issuance of the Dissolution Decree and would therefore not arise from the decree or be incurred as a result of the decree. It would, therefore, not qualify under the provisions of § 523(a)(15). Accordingly, the Court finds that the debt is not non-dischargeable under the provisions of § 523(a)(15).

### B.  11 U.S.C. § 523(a)(5)

11 U.S.C. § 523(a)(5) provides that a debtor is not discharged from any debt-

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record. . ., but not to the extent that-

. . .
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. *See Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056 (8th Cir. 1983). A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court. *Id.* In order to determine whether an award represents a property settlement or a maintenance obligation, a court must look to the function an

award was intended to serve. *See Kruger v. Ellis (In re Ellis)*, 149 B.R. 925, 927 (Bankr. E.D. Mo. 1993). The burden of proof under section 523(a)(5) is on the party asserting that the debt is nondischargeable. *Lineberry v. Lineberry (In re Lineberry)*, 9 B.R. 700, 706 (Bankr. W.D. Mo. 1981).

Although the language of § 523(a)(5) is somewhat different than that contained in § 523(a)(15), a threshold requirement that there be a debt to a former spouse in connection with an agreement or decree remains. *See* 11 U.S.C. § 523(a)(5). Accordingly, the Court's finding that no debt exists to Plaintiff arising from the Dissolution Decree is equally applicable to Plaintiff's claim under § 523(a)(5). The Court therefore denies the complaint under that section for the same reasons.

Were the Court to conclude for some reason that the same analysis is not applicable and that while the obligation does not qualify as debt for purpose of § 523(a)(15), it does for purposes of § 523(a)(5), the Court finds that the state court did not intend the obligation to be one of support. Factors considered by the courts in making this determination include: the language and substance of the order in the context of surrounding circumstances, using extrinsic evidence if necessary; the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments. *In re Tatge*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997); *Schurman v. Schurman (In re Schurman)*, 130 B.R. 538, 539 (Bankr. W.D. Mo. 1991) (citing *In re Gianakas*, 917 F.2d 759 (3d Cir. 1990)).

In Missouri, joints debts are not marital property and do not need to be divided. *See*

*Hicks v. Hicks*, 969 S.W.2d 840, 846 (Mo. Ct. App. 1998); *see also, Barnes v. Barnes*, 903 S.W.2d 211, 215 (Mo. Ct. App. 1995). They frequently are, however, because the state court is required to consider the allocation of joint debt in determining what is a fair division of marital property. *See id.* That approach is reflected in the provisions of the decree in this case.[8] At the time of the dissolution, the residence had a value of $116,400, but was subject to a lien in the amount of $91,442. An equal division of the resulting equity of $24,958 would have apportioned $12,479 to each party. However, because the court ordered Debtor to pay the joint debts to the IRS and the Missouri Department of Revenue in the total sum of $9,368, the court determined that the net equity in the residence was approximately $16,700. It then made an equal apportionment of that equity by requiring Debtor to pay Plaintiff the sum of $8,000 within five years from the date of judgment or when the property was sold, whichever might occur first. Accordingly, the court's order to Debtor to pay the joint tax debts was part of the process of equalizing the award of equity in the real property.

In addition, the decree nowhere mentions maintenance. Clearly, none is awarded to either party. The court apparently felt that neither party was in an economic position to be able to afford to pay such maintenance. The Court draws that inference in part from the state court's refusal, upon specific request by Plaintiff, to order Debtor to continue insurance coverage for his benefit, requiring only that Debtor provide such insurance coverage for a period of approximately two weeks subsequent to the entry of the decree.[9] Both parties were, and remain at this time, disabled.None of the other factors which the courts traditionally consider as

---

[8] Debtor's Ex. C.

[9] Debtor's Ex. C.

indicating the court's intention that an award serve a support function is present in this case. There is no evidence that the court believed that Plaintiff would not have been able to support himself absent the requirement that Debtor pay the tax debts. *See In re Tatge*, 212 B.R. at 608. Therefore, Plaintiff has not met his burden of proof that the debt is nondischargeable under § 523(a)(5).

A separate Order will be entered in accordance with Bankruptcy Rule 9021.


Dated: <u>April 12, 2005</u>                              <u>/s/ Dennis R. Dow</u>

                                                                        THE HONORABLE DENNIS R. DOW
                                                                        UNITED STATES BANKRUPTCY JUDGE


Copies to:

Ed Berg
J. Brian Baehr